**Brian T. Dunn, Esq.** (SBN 176502)
bdunn@cochranfirm.com
**Edward M. Lyman III, Esq.** (SBN 248264)
elyman@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimiles: (323) 282-5280
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL HICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLOYD S. BRADFORD III, an individual; ELIZABETH STRUMP, an individual; IAN MILES CHEONG, an individual; LAKEWOOD CA. REIGIONAL CRIME AWARENESS, PREVENTION & SAFETY GROUP, an unknown entity; FACEBOOK, a Delaware Corporation; TWITTER, a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. §1983—Civil Rights Violations *State Created Danger*<br><br>2. Defamation<br><br>3. False Light<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Darnell Hicks, by and through his counsel, The Cochran Firm California, files this Complaint individually against the Defendants.

## JURISDICTION AND VENUE

1. This civil rights action is brought pursuant to 42 U.S.C. §§1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367, to hear and decide claims arising under state law.

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Los Angeles, County of Los Angeles, and pursuant to 28 U.S.C. §1391(b)(2) and Central District of California General Order No. 21-01.

## THE PARTIES

3. Plaintiff Darnell Hicks' ("Hicks"), an individual, is a resident of the State of California.

4. The true names and capacities of the defendants DOES 1 through 10, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 10, inclusive, when the same have been ascertained.

5. Plaintiff is also informed, believes, and thereon alleges that DOES 1 to 10 were the agents, principals, and/or alter egos of Defendants, at all times herein relevant, and that they are therefore liable for the acts and omissions of Defendants.

6. Plaintiff brings claims individually based on 42 U.S.C. §§1983 and 1988, the United States Constitution, federal and state civil rights law, and California law. Hicks brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

## FACTUAL BACKGROUND

7. On September 12, 2020, two Los Angeles County Sheriff's Deputies were ambushed at the Metro Blue Line station in Compton, California. The suspect approached the Deputies' patrol car, began shooting into the passenger side window, and fled.

8. On September 13, 2020, Defendants Floyd Bradford, Ian Miles Cheong, and Elizabeth Stump, posted—falsely—on social media websites that Mr. Hicks was the suspect in the shooting. Defendant Bradford posted Mr. Hick's driver's license photo, address, and other private information about him on Facebook. Defendant Cheong published Mr. Hicks' private information on Twitter.

### FIRST CAUSE OF ACTION
*Violations of 42 U.S.C. § 1983, State Created Danger,*
*Against all Defendants and Does 1-10*

9. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

10. Defendants committed an affirmative act.

11. The affirmative act placed Mr. Hicks in a position of an actual, particularized danger by creating or exposing him to a danger he would not have otherwise faced.

12. The Defendants acted with deliberate indifference to a known or obvious danger. Defendants disregarded a known or obvious consequence of their actions.

13. The affirmative act that created the actual, particularized danger caused injury to Mr. Hicks that was foreseeable.

### SECOND CAUSE OF ACTION
*Defamation*
*Against all Defendants and Does 1-10*

14. Defendants made the statement(s) about Mr. Hicks to persons other than him.

15. Defendants reasonably understood that the statement(s) were about Mr. Hicks.

16. That because of the facts and circumstances known to the reader(s) of the statement(s), they tended to injure Mr. Hicks in his occupation and exposed him to hatred, contempt, ridicule, or shame. And discouraged others from associating or dealing with him.

17. The statements were false.

18. The Defendants failed to use reasonable care to determine the truth or falsity of the statements.

19. Mr. Hicks suffered harm to his property, business, profession, or occupation, including money spent as a result of the statements; and

20. That the statements were a substantial factor in causing Mr. Hick's

21. At all material times, Defendants knew the statements were false or had serious doubts about the truth of the statements, and acted with malice, oppression, or fraud.

### THIRD CAUSE OF ACTION

*False Light*

*Against _____ their individual capacities and Does 1-10*

22. That Defendants publicly disclosed information or material that showed Mr. Hicks in a false light;

23. That the false light created by the disclosure would be highly offensive to a reasonable person in Mr. Hick's position;

24. That Defendants knew the disclosure would create a false impression about Mr. or acted with reckless disregard for the truth or Defendants were negligent in determining the truth of the information or whether a false impression would be created by its disclosure;

25. That Mr. Hicks was harmed and sustained harm to his/ property, business,

profession, or occupation including money spent as a result of the statement(s)]; and That Defendants' conduct was a substantial factor in causing [name of plaintiff]'s harm.

**PRAYER FOR RELIEF**

1. For damages in an amount to be proven at trial
2. For punitive damages;
3. For pre-judgment and post-judgment interest;
4. For costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

DATED: September 13, 2021          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: _____

EDWARD M. LYMAN III
*Attorneys for Plaintiffs*