UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7330-DMG (GJSx) | Date | September 9, 2022 |
| Title | Darnell Hicks v. Floyd S. Bradford III, et al. | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Darnell Hicks filed this action in this Court on September 13, 2021. [Doc. # 1.] In the operative First Amended Complaint ("FAC"), filed on January 12, 2022, Hicks asserts claims against Defendants the State of California, Facebook, Inc., Twitter, Inc., Floyd Bradford III, Elizabeth Stump, Miles Cheong, and the Lakewood California Regional Crime Awareness, Prevention, & Safety Group. [Doc. # 10.] He asserts claims for violation of his Fourteenth Amendment rights under 42 U.S.C. section 1983 against the State of California, a claim for violation of California's Consumer Privacy Act, Cal. Civ. Code § 1789.100, against Facebook, Inc., and Twitter, Inc., and claims under California's Bane Civil Rights Act, Cal. Civ. Code § 52.1, Ralph Civil Rights Act, Cal. Civ. Code § 51.7, and for defamation, false light, and invasion of privacy against all Defendants.

On May 24, 2022, Hicks voluntarily dismissed the State of California [Doc. # 38] and Cheong [Doc. # 39]. On May 26, 2022, Hicks voluntarily dismissed Twitter, Inc. [Doc. # 40.][1]

Although Hicks did not subsequently amend his complaint, in dismissing the State of California, Hicks appears to have dismissed his claims under Section 1983. In his FAC, Hicks invokes this Court's federal question jurisdiction. *See* FAC ¶ 2. But in light of Hicks's dismissal of his federal claims, federal question jurisdiction no longer exists. Moreover, Hicks asserts in his FAC that he, Bradford, and Stump all reside in California, and that Facebook has its principal place of business in California. It therefore appears that diversity jurisdiction does not lie. *See* 28 U.S.C. § 1332(a) (providing for diversity jurisdiction over civil actions between citizens of different states).

---

[1] Stump has filed an answer [Doc. # 55], Facebook, Inc. has moved to dismiss the FAC [Doc. # 42], and Bradford has filed an answer and an anti-SLAPP motion to strike [Doc. ## 60, 64].

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7330-DMG (GJSx) | Date | September 9, 2022 |
| Title | *Darnell Hicks v. Floyd S. Bradford III, et al.* | Page | 2 of 2 |

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). There no longer appears to be a basis for this Court's jurisdiction. Hicks is therefore **ORDERED** to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Hicks shall file his response no later than **September 16, 2022**. Failure to file a satisfactory response will result in the dismissal of this action, without prejudice.

**IT IS SO ORDERED.**