UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7330-DMG (GJSx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | *Darnell Hicks v. Floyd S. Bradford III, et al.* | Page | 1 of 6 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendant |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT META PLATFORM'S MOTION TO DISMISS [88] [42]**

## I.
## PROCEDURAL BACKGROUND

Currently before the Court is Defendant Meta Platforms, Inc.'s ("Meta") (formerly Facebook, Inc.) motion to dismiss ("MTD") Plaintiff Darnell Hicks' Second Amended Complaint ("SAC"). [Doc. ## 88 (MTD), 85 (SAC).] Meta moves to dismiss Hicks' claims on the bases that (1) all claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230 *et seq.*; and (2) the SAC fails to state a claim upon which relief may be granted. The MTD is fully briefed. [Doc. ## 94 ("Opp."), 95 ("Reply").][1] For the reasons set forth below, the motion to dismiss is **GRANTED**.

## II.
## FACTUAL BACKGROUND[2]

On September 12, 2020, two Los Angeles County Sheriff's deputies were shot while sitting inside their patrol vehicle. SAC at ¶¶ 1, 12. Shortly after the shooting, multiple individuals, including Defendants Elizabeth Stump and Floyd Bradford, falsely posted on Facebook that Hicks was a suspect, along with personal details about Hicks. *See id.* at ¶¶ 16–17, 20–21. Facebook received multiple complaints that the statements were false, but Facebook did not remove the posts. *Id.* at ¶¶ 19, 23. Even after the Sheriff's department issued a statement categorically denying that Hicks was a suspect, Facebook users continued to share the false statements about Hicks, and some such statements remain even now. *Id.* at ¶¶ 29–30. Hicks

---

[1] Also pending is Meta's motion to dismiss Hicks' First Amended Complaint. [Doc. # 42.] That motion to dismiss was rendered moot by the filing of the SAC. It is accordingly **DENIED as moot**.

[2] The Court takes all allegations in the SAC as true for the purpose of ruling on this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7330-DMG (GJSx) | Date | August 17, 2023 |
| Title | *Darnell Hicks v. Floyd S. Bradford III, et al.* | Page | 2 of 6 |

claims that Facebook conspired with the other Defendants to publish this information, and asserts a defamation claim against all Defendants. *Id*. at ¶¶ 44–55. Hicks also contends that Facebook "caused to be published Mr. Hicks' unencrypted and unredacted PI and PII, on a publicly accessible file sharing website, without requiring a login or password to download the same," in violation of the California Consumer Privacy Act of 2018, Cal. Civ. Code §§ 1798.100, 1798.150. SAC ¶ 62.

### III.
### LEGAL STANDARD

A defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

### IV.
### DISCUSSION

Section 230 of the CDA immunizes "provider[s] or user[s] of an interactive computer service" from being held liable "as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1); *see also Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021). Section 230 further states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). But "[t]his grant of immunity applies only if the interactive computer service provider is not also an 'information content provider'. . . ." *Fair Hous. Council*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-7330-DMG (GJSx)** | Date | August 17, 2023 |
| Title | ***Darnell Hicks v. Floyd S. Bradford III, et al.*** | Page | 3 of 6 |

*of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (*en banc*) (quoting 47 U.S.C. § 230(f)(3)).

Hicks argues that (1) Meta is not an interactive computer service, (2) Meta's conduct with respect to the alleged defamatory posts makes it an information content provider, and (3) his SAC does not seek to treat Meta as a publisher or speaker. The Court addresses each argument in turn.

A.       **Interactive Computer Service**

Hicks argues that Facebook does not qualify as an interactive computer service provider. Opp. 10–13.[3] But the very basis for his claim against Facebook is that Facebook facilitated the worldwide distribution of lies about Hicks on its social media network. The CDA defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server. . . ." 47 U.S.C.S. § 230(f)(2). Websites such as Facebook that facilitate the connection of countless online users to a common database and servers indeed qualify as interactive computer services. *See, e.g.*, *Carafano v. Metrosplash, Inc.*, 207 F. Supp. 2d 1055, 1065 (C.D. Cal. 2002), *aff'd on other grounds*, 339 F.3d 1119 (9th Cir. 2003). There is no serious question that Facebook fits this statutory definition.[4] Indeed, Hicks makes no arguments about why Facebook is not an information content provider, focusing his attention instead on his argument that Facebook has failed to meet its burden to show that it is. He does not identify any other court that has found that Facebook is not an information content provider. The Court concludes that it is, and rejects Hicks' argument.[5]

---

[3] All page citations herein refer to the page numbers inserted by the CM/ECF filing system.

[4] *See also* MTD at 11–12 (collecting cases finding that Facebook is an interactive computer service provider), Reply at 7–8 (citing additional cases).

[5] The Court also rejects Hicks' contention that considering Meta's Section 230 argument transforms this MTD into a motion for summary judgment. Section 230 immunity is regularly addressed at the motion to dismiss stage as an issue of law. *See, e.g.*, *Gonzalez v. Google LLC*, 2 F.4th 871, 890 n.8 (9th Cir. 2021), *vacated and remanded on other grounds*, 143 S. Ct. 1191 (2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7330-DMG (GJSx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | *Darnell Hicks v. Floyd S. Bradford III, et al.* | Page | 4 of 6 |

**B.     Information Content Provider**

Hicks also argues that Meta is responsible for either the partial creation or the development of the posts at issue. Opp. at 15–16, 18.

An information content provider is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  The Ninth Circuit has narrowly interpreted "development" to provide "immunity for passive conduits" and preclude immunity only for "co-developers" who do "not merely . . . augment[] the content generally, but . . . materially contribut[e] to [the website's] alleged unlawfulness." *Roommates.Com*, 521 F.3d at 1167–68.

None of the factual allegations in Hicks' SAC support his argument.  Hicks alleges that individual social media users posted defamatory statements about him on Facebook, and that Facebook failed to remove them despite complaints.  SAC at ¶¶ 16–17, 19, 20–21, 23, 29–30.  As terrible as these events may have been for Hicks, this conduct simply does not make Meta an information content provider.  Hicks does not allege that the defamatory statements originated with Facebook, just that Facebook allowed, or did not prevent, these posts from being published on its platform.  Ultimately, individual Facebook users were the ones who made and supplied the alleged defamatory statements to the social media platform.

A computer service provider is not an information content provider "so long as a third party willingly provides the essential published content." *Carafano*, 339 F.3d at 1123; *cf. Roommates.Com*, 521 F.3d at 1169 (roommate matching website held liable as information content provider because use of discriminatory criteria was *required* by website's design).  The allegations in the SAC show that third parties voluntarily provided all the content at issue here.

**C.     Treatment as Publisher or Speaker of User-Provided Information**

In an effort to evade Section 230(c)(1) immunity, Hicks claims that he does not seek to hold Meta liable as a publisher or speaker of information provided by another information content provider.  *See* Opp. at 15.  As discussed below, Hicks' argument focuses exclusively on contentions about Facebook's functionality that are not contained within his SAC.  To determine whether Section 230(c)(1) immunity applies, the Court must determine, "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009), *as amended* (Sept. 28, 2009).  Determining whether content should be published in the first place,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-7330-DMG (GJSx)** | Date | August 17, 2023 |
| Title | ***Darnell Hicks v. Floyd S. Bradford III, et al.*** | Page | 5 of 6 |

or whether content should be removed once already published, is an editorial function for which service providers are immune. *See Roommates.Com*, 521 F.3d at 1170-71 ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *see also Barnes*, 570 F.3d at 1102 ("[R]emoving content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove."). For the reasons already discussed, Hicks' defamation and Consumer Privacy Act claims (as alleged in the SAC) are explicitly predicated on the imposition of liability for Meta's hosting, and refusal to remove, defamatory or private information about Hicks.

Because Meta is an interactive computer service provider but not an information content provider, and because Hicks seeks to hold Meta liable as a publisher or speaker of content provided by another user, the Court concludes that Meta is immune from liability under Section 230 and **GRANTS** Meta's MTD.

**D.     Leave to Amend**

Finally, the Court must determine whether Hicks could plausibly allege additional facts such that Meta would not be immune under Section 230.

In his opposition, Hicks argues that Facebook contributes to the creation of material it hosts by encouraging users to "be authentic" and to "share content [they] care about." *See* Lyman Decl., Exs. 1.1–3, 5 [Doc. # 94-2–94-5, 94-7]. But such anodyne encouragement is not enough to come within the narrow information content provider exception. *See Roommates.Com*, 521 F.3d at 1167 ("It's true that the broadest sense of the term 'develop' could include . . . just about any function performed by a website. But to read the term so broadly would defeat the purposes of section 230 by swallowing up every bit of the immunity that the section otherwise provides."). Facebook's informational posts about how to create "authentic" content do not make it a contributor to that content.

Hicks also argues, based on a 2015 video created by Facebook, that Meta co-authors every post on Facebook by including its own opinion on each post. *See* Lyman Decl., Ex. 4 [Doc. # 94-6]. Hicks posits that Meta embeds a clickable symbol on the bottom right-hand corner of each post, consisting of a lower case "i" symbol. When users click on the symbol, they can see Facebook's "specific opinions about the unique post and what Facebook wants its readers to know and believe about the original content." Opp. at 17. Hicks says he does not have the content of Facebook's contributions to the allegedly defamatory posts, because the posts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7330-DMG (GJSx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | *Darnell Hicks v. Floyd S. Bradford III, et al.* | Page | 6 of 6 |

were deleted. Yet, in his SAC, Hicks includes screenshots of posts he claims are defamatory and for which he seeks to hold Meta liable. The "i" symbol Hicks describes is found nowhere in the depicted posts. *See* SAC at ¶¶ 17, 20. He does not explain what commentary or opinions he believes Facebook provided about the specific posts at issue here.

The mere fact that Facebook had the ability, in 2015, to provide additional information about other users' content is not sufficient to show that Facebook did so here, particularly where the screenshots provided by Hicks indicate that it did not. Because amendment would be futile, the Court **DENIES** any further leave to amend.

## V.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Meta's MTD the Second Amended Complaint. Hicks' claims against Meta are dismissed **with prejudice**. Meta's motion to dismiss the First Amended Complaint [Doc. # 42] is **DENIED** as moot.

**IT IS SO ORDERED.**